1  Robert D. Vogel (SBN 063091)
   Matthew J. Weber (SBN 318097)
2  JACKSON LEWIS P.C.
   725 South Figueroa Street, Suite 2500
3  Los Angeles, California 90017-5408
   Telephone: (213) 689-0404
4  Facsimile: (213) 689-0430
   Robert.Vogel@jacksonlewis.com
5  Matthew.Weber@jacksonlewis.com

6  Attorneys for Defendant
   WOODSIDE HOTEL GROUP LTD
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIOFRNIA

10

11 PETER STROJNIK, an individual,        **CASE NO.: 5:19-cv-01875-NC**

12              Plaintiff,

13                                        **DEFENDANT WOODSIDE HOTEL
                                          GROUP LTD'S ANSWER TO
14     vs.                                PLAINTIFF PETER STROJNIK'S
                                          COMPLAINT AND COUNTERCLAIM
15                                        FOR BREACH OF SETTLEMENT
   WOODSIDE HOTEL GROUP LTD AND           AGREEMENT
16 MONTEREY HOLDINGS, L.P.

17              Defendant.

18

19
   WOODSIDE HOTEL GROUP LTD AND
20 MONTEREY HOLDINGS, L.P.

21              Counter-Plaintiff,

22

23     vs.

24 PETER STROJNIK, an individual,

25              Counter-Defendant.

26

27

28

Defendant WOODSIDE HOTEL GROUP LTD ("Defendant"), for itself alone, hereby answers Plaintiff PETER STROJNIK'S ("Plaintiff") Complaint ("Complaint") as follows:

1.    The allegations in paragraph 1 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

## PARTIES

2.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 and on that basis denies the allegations contained therein.

3.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 and on that basis denies the allegations contained therein.

4.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 and on that basis denies the allegations contained therein.

5.    Defendant admits that Defendant operates a hotel located at 415 W. Carmel Valley Road, Carmel Valley, CA 93924. The remainder of the allegations in paragraph 5 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

## JURISDICTION AND VENUE

6.    The allegations in paragraph 6 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

7.    The allegations in paragraph 7 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

8.    The allegations in paragraph 8 constitute legal conclusions to which no

response is required. To the extent a response is required, Defendant denies the allegations contained therein.

9.     Answering paragraph 9, Defendant admits that venue is proper here with respect to Plaintiff's ADA claims and denies the remaining allegations in this paragraph.

10.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 and on that basis denies the allegations contained therein.

11.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 and on that basis denies the allegations contained therein.

12.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 and on that basis denies the allegations contained therein.

## COUNT ONE

13.     Defendant incorporates by reference its above responses to the allegations set forth in the preceding paragraphs of this Answer as if full set forth herein.

14.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 and on that basis denies the allegations contained therein.

15.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 and on that basis denies the allegations contained therein.

16.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 and on that basis denies the allegations contained therein.

17.     Answering paragraph 17, Defendant denies the allegations.

18.     Answering paragraph 18, Defendant denies the allegations.

19.     Defendant lacks knowledge and information sufficient to form a belief as to

DEFENDANT'S ANSWER TO PLAINTIFF PETER STROJNIK'S COMPLAINT

the truth of the allegations set forth in paragraph 19 and on that basis denies the allegations contained therein.

20.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 and on that basis denies the allegations contained therein.

21.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 and on that basis denies the allegations contained therein.

22.    Defendant does not admit or deny whether Plaintiff included additional information regarding accessibility.

23.    Answering paragraph 23, Defendant denies the allegations.

24.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 and on that basis denies the allegations contained therein.

25.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 and on that basis denies the allegations contained therein.

26.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 and on that basis denies the allegations contained therein.

27.    Answering paragraph 27, Defendant denies the allegations.

Answering paragraphs A-G of the prayer for relief, Defendant denies any and all allegations not unequivocally admitted herein, Plaintiff is entitled to any relief demanded in the Complaint and any relief whatsoever is warranted.

## COUNT TWO

28.    Defendant incorporates by reference its above responses to the allegations set forth in the preceding paragraphs of this Answer as if full set forth herein.

29.    Defendant lacks knowledge and information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 29 and on that basis denies the allegations contained therein.

30.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 and on that basis denies the allegations contained therein.

31.    Answering paragraph 31, Defendant denies the allegations.

32.    Answering paragraph 32, Defendant denies the allegations.

33.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 and on that basis denies the allegations contained therein.

34.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 and on that basis denies the allegations contained therein.

35.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 and on that basis denies the allegations contained therein.

36.    The allegations in paragraph 36 constitute provisions of the ADA which speak for themselves and require no response. To the extent a response is required, Defendant denies the allegations contained therein.

37.    The allegations in paragraph 37 constitute provisions of the ADA which speak for themselves and require no response. To the extent a response is required, Defendant denies the allegations contained therein.

38.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 and on that basis denies the allegations contained therein.

39.    The allegations in paragraph 39 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

DEFENDANT'S ANSWER TO PLAINTIFF PETER STROJNIK'S COMPLAINT

40.    The allegations in paragraph 40 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

Answering paragraphs A-G of the prayer for relief, Defendant denies any and all allegations not unequivocally admitted herein, Plaintiff is entitled to any relief demanded in the Complaint and any relief whatsoever is warranted.

## COUNT THREE

41.    Defendant incorporates by reference its above responses to the allegations set forth in the preceding paragraphs of this Answer as if full set forth herein.

42.    Answering paragraph 42, Defendant denies the allegations.

43.    The allegations in paragraph 43 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

44.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 and on that basis denies the allegations contained therein.

45.    The allegations in paragraph 45 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

46.    The allegations in paragraph 46 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

Answering paragraphs A-G of the prayer for relief, Defendant denies any and all allegations not unequivocally admitted herein, Plaintiff is entitled to any relief demanded in the Complaint and any relief whatsoever is warranted.

## COUNT FOUR

47.    Defendant incorporates by reference its above responses to the allegations set forth in the preceding paragraphs of this Answer as if full set forth herein.

48.    The allegations in paragraph 48 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

49.    Answering paragraph 49, Defendant denies the allegations.

50.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 and on that basis denies the allegations contained therein.

51.    Answering paragraph 51, Defendant denies the allegations.

52.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 and on that basis denies the allegations contained therein.

53.    Answering paragraph 53, Defendant denies the allegations.

54.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 and on that basis denies the allegations contained therein.

55.    Answering paragraph 55, Defendant denies the allegations.

56.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 and on that basis denies the allegations contained therein.

57.    Answering paragraph 57, Defendant denies the allegations.

58.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 and on that basis denies the allegations contained therein.

59.    Answering paragraph 59, Defendant denies the allegations.

60.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 and on that basis denies the allegations contained therein.

61.    Answering paragraph 61, Defendant denies the allegations.

62.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 and on that basis denies the allegations contained therein.

63.     Answering paragraph 63, Defendant denies the allegations.

64.     Answering paragraph 64, Defendant denies the allegations.

65.     Answering paragraph 65, Defendant denies the allegations.

66.     Answering paragraph 66, Defendant denies the allegations.

Answering paragraphs A-G of the prayer for relief, Defendant denies any and all allegations not unequivocally admitted herein, Plaintiff is entitled to any relief demanded in the Complaint and any relief whatsoever is warranted.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant states the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff and reserves the right to assert such additional defenses that may become applicable during the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state sufficient facts to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

At all times relevant to this action, Defendant acted honestly and in good faith to ensure full compliance with Title III of the Americans with Disabilities Act ("ADA") and all other applicable federal and state disability laws to the extent readily achievable and/or required by law.

## THIRD AFFIRMATIVE DEFENSE

Defendant provided adequate access to its business to persons with ADA and/or state equivalent disabilities by using methods such as customer service.

/ / /

/ / /

### FOURTH AFFIRMATIVE DEFENSE

On information and belief, to the extent Plaintiff was not a bona fide consumer for services provided at Defendant's alleged place of public accommodation, Plaintiff lacks standing to pursue each and every claim for relief alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is not obligated to make any alterations sought by Plaintiff that would result in a fundamental alteration in the nature of Defendants' services, programs or activities, cause undue financial and administrative burdens or require structural changes in existing facilities where other methods are effective to achieve compliance under Title III of the ADA and/or applicable state and local public accommodation laws.

### SIXTH AFFIRMATIVE DEFENSE

On information and belief, Defendant alleges Plaintiff failed and neglected to use reasonable care to minimize and mitigate the losses, injuries and damages complained of, if any.

### SEVENTH AFFIRMATIVE DEFENSE

At all times relevant to this action, Defendant acted honestly and in good faith to ensure full compliance with the Unruh Civil Rights Act and for all other applicable federal and state disability laws.

### EIGHTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff, by his own actions and conduct, failed to exercise reasonable care and diligence on his own behalf thereby causing or contributing to his alleged damages, if any. Thus, Plaintiff's recovery against Defendant, if any, must be reduced by the proportion of damages caused by his own acts and conduct.

### NINTH AFFIRMATIVE DEFENSE

On information and belief, Defendant alleges the Complaint is barred in that the modifications sought by Plaintiff, in whole or in part, are impracticable.

/ / /

/ / /

## TENTH AFFIRMATIVE DEFENSE

On information and belief, Defendant alleges the Complaint is barred in that the modifications sought by Plaintiff, in whole or in part, would pose an undue burden on Defendant or require a hardship/cost to Defendant disproportionate to the benefit that would result to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff's claims are barred, in whole or in part, because the modifications demanded by Plaintiff are not readily achievable, are technically infeasible, not required as a matter of law and/or would fundamentally alter the manner in which Defendant offers goods or services to the public.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief because it is, and has been, Defendant's policy and practice to comply with the ADA and related state and local regulations or guidelines.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant is relieved of any liability whatsoever as to Plaintiff's claims for damages set forth in the Complaint to the extent the claims arise solely from acts or omissions for which Defendant is not responsible.

## FOURTEENTH AFFIRMATIVE DEFENSE

On information and belief, the Complaint is barred in whole or in part based upon the applicable statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any recovery on the Complaint seeking injunctive relief is barred, in whole or in part, because Plaintiff is not entitled to such injunctive and has adequate remedies at law.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and/or estoppel.

/ / /

/ / /

WHEREFORE, Defendant prays as follows:

1.    That Plaintiff takes nothing by way of the Complaint;

2.    That judgment be entered in favor of Defendant;

2.    For reasonable attorney's fees;

3.    For costs of suit; and

4.    For such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

DEFENDANT'S ANSWER TO PLAINTIFF PETER STROJNIK'S COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNTERCLAIM

Pursuant to F.R.C.P. Rule 13 and the joinder provisions of F.R.C.P. Rules 19-20, Counter-Plaintiff WOODSIDE HOTEL GROUP LTD, ("Woodside") hereby asserts the following Counterclaim against Counter-Defendant Peter Strojnik ("Strojnik").

In support of its Counterclaim, Woodside alleges as follows:

## THE PARTIES

1.      Counter-Defendant Strojnik is an individual and the Plaintiff in this case.

2.      Counter-Plaintiff Woodside operates a hotel and is a Defendant in this case.

## FACTS

3.      On or about February 14, 2019, Counter-Defendant filed a lawsuit against, among other defendants Ensemble Hotel Partners, LLC, erroneously sued therein as "Hyatt Hotels Corp." ("Ensemble") Counter-Plaintiff in the United States District Court, Central District of California, *Peter Strojnik (Sr.) v. Hyatt Hotels Corp. Dba Hyatt Place Pasadena*, Case No. CV19-1148-PA(ASx) alleging violations of the Americans with Disabilities Act, California's Unruh Civil Rights Act, California Civil Code § 51 *et seq*. ("Unruh Civil Rights Act"), California Disabled Person Act, California Civil Code §§ 54-54.3, California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*, California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.,* intentional fraud and deceit, fraud by omission, negligent misrepresentation, false advertising and negligence ("Hyatt Action").

4.      On March 19, 2019, Counter-Plaintiff and Counter-Defendant entered into a Settlement Agreement and Release of Claims (the "Agreement") in the Hyatt Action.

5.      In the Agreement in the Hyatt Action, Strojnik released Ensemble and **its "past and present" "representatives", "partners", "third-party vendors", "affiliates" "assigns, agents, independent contractors" and "joint ventures" "from all liabilities,** causes of actions . . . complaints, suits, claims, obligations, costs, losses, damages, rights, judgments, attorneys' fees, expenses, . . . penalties . . . and all other legal responsibilities of any form whatsoever, whether known or unknown, **presently existing or arising in the**

**future** . . . including those arising under any theory of law, whether common, . . . statutory or other, of any jurisdiction . . . which they now have, ever had or may claim to have against any of them, **including, without limitation, those arising out of or relating to . . . any acts or omissions by the releasing parties occurring, or conditions existing, prior to the [March 19, 2019] Effective Date.**

6.      Thereafter, Counter-Defendant filed this lawsuit against Counter-Plaintiff in violation of the Agreement because Woodside is a "representative partner, third-party vendor, affiliate, assign, independent contractor to and/or "joint venture" of Ensemble as defined in the Agreement.

7.      On April 18, 2019, Counter-Plaintiff informed Counter-Defendant in writing that Counter-Defendant's lawsuit was covered by the Agreement which released Woodside of any claims Counter-Defendant asserted against it in this case.

8.      On May 20, 2019, Counter-Plaintiff again requested that Counter-Defendant dismiss the claims he has asserted against Counter-Plaintiff in this case consistent with the Agreement which Cross-Defendant has refused to do.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

9.      Counter-Plaintiff incorporates herein by reference each allegation as set forth in paragraphs 1 through 8 of its Counterclaim.

10.      Counter-Defendant breached the Agreement by, *inter alia*, filing and litigating the claims alleged in this case against Counter-Plaintiff in violation of the terms and conditions of the Agreement.

11.      Counter-Plaintiff is informed and believes and thereon alleges that Counter-Plaintiff performed all conditions, covenants and promises required on its part to be performed in accordance with the terms of the Agreement.

12.      As a proximate result of the foregoing breach of the Agreement, Counter-Plaintiff has suffered and will continue to suffer damages directly attributable to Counter-Defendant's breach of the Agreement.

DEFENDANT'S ANSWER TO PLAINTIFF PETER STROJNIK'S COMPLAINT

13.    Additionally, Counter-Plaintiff is entitled to an award of its attorneys' fees and costs incurred in defense of the lawsuit consistent with to the terms and conditions of the Agreement.

## **PRAYER FOR RELIEF**

WHEREFORE, Counter-Plaintiff prays for judgment as follows:

1.    For compensatory, consequential and incidental damages according to proof with interest thereon for all damages;

2.    For attorneys' fees and costs as allowed by contract and/or statute; and

3.    For such other and further relief as the Court may deem just and proper.


Dated:  July 15, 2019                    JACKSON LEWIS P.C.



By: /s/ Matthew J. Weber
        Robert D. Vogel
        Matthew J. Weber

        Attorneys for Defendant and Counter-Plaintiff
        WOODSIDE HOTEL GROUP LTD