Peter Strojnik (Sr.),
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter Strojnik (Sr.),<br><br>Plaintiff,<br><br>vs.<br><br>Woodside Hotel Group LTD and Monterey Holdings, L.P.<br><br>Defendant. | Case No: 5:19-cv-01875-NC<br><br>**MOTION TO DISMISS COUNTERCLAIM** |
| Woodside Hotel Group LTD and Monterey Holdings, L.P.<br><br>Counter-Plaintiff,<br>vs.<br>PETER STROJNIK, an individual,<br><br>Counter-Defendant. | |

## SUMMARY

Defendants / Counterclaimants **Woodside Hotel Group LTD** and **Monterey Holdings, L.P.** submit a counterclaim for alleged breach of previously entered release of a non-party **Ensemble Investments, LLC**. In their counterclaim, **Woodside Hotel Group LTD** and **Monterey Holdings, L.P.** fail to allege their standing as third party beneficiary of the release. Further, the breach of contract counterclaim is unrelated to Plaintiff's

Article III claim. Therefore, Plaintiff moves to dismiss on two grounds: (1) Lack of supplemental jurisdiction and (2) failure to state a claim upon which relief may be granted.

## ARGUMENT

**1. Defendant's / Counterclaimant's Breach Of Contract Claim "Is Not So Related To Claims In The Action Within Such Original Jurisdiction That They Form Part Of The Same Case Or Controversy Under Article III" (28 U.S.C. § 1367)**

28 U.S.C. 1367(a) provides:

> **(a)** Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, **the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III** of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Plaintiff's Article III claim is based on the Americans with Disabilities Act. Defendant's / Counterclaimant's counterclaim is based on breach of contract between Plaintiff and *Ensemble Investments, LLC.* One has nothing to do with the other and it is indeed impossible to say that the two claims form a "part of the same case or controversy under Article III".

The Counterclaim should be dismissed for lack of supplemental jurisdiction.

**2. *Woodside Hotel Group LTD* and *Monterey Holdings, L.P.* Are Not Third Party Beneficiaries Of The Contract Between Plaintiff And Non-Party *Ensemble Investments LLC.***

While it is true that "[a] third party beneficiary is someone who may enforce a contract because the contract is made expressly for his benefit", *Matthau v. Superior Ct.*, 151 Cal.App.4th 593, 602 (2007), a third party beneficiary must first establish standing by proof of its third party beneficiary status. There is no such proof or allegation here. In fact, the counterclaim is based on Plaintiff's release of *Ensemble Investments LLC* and not of either Counterclaimant. The release is a broad form release, but it mentions neither *Woodside Hotel Group LTD* nor *Monterey Holdings, L.P.* There

is no indication, allegation or proof of the contention that either counterclaimant is the intended third party beneficiary.

Defendant / Counterclaimant has failed to allege that it has standing under any prior agreement as the intended beneficiary. As such, its counterclaim fails to establish standing to claim third party beneficiary status and must fail.

RESPECTFULLY SUBMITTED this 23rd day of July, 2019.

**PETER STROJNIK**

_____
Plaintiff