Robert D. Vogel (State Bar No. 63091)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017
Telephone: (213) 689-0404
Facsimile: (213) 689-0430
E-mail: VogelR@jacksonlewis.com


Eric T. Byrne (State Bar No. 321108)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Eric.Byrne@jacksonlewis.com

Attorneys for Defendant
WOODSIDE HOTEL GROUP LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter Strojnik (Sr.),<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Woodside Hotel Group LTD and Monterey Holdings, L.P.<br><br>　　　　Defendants. | Case No. 5:19-cv-01875-LHK<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Complaint Filed:　04/08/2019<br>Trial Date:　　　not set |

**I.     RELIMINARY STATEMENT**

Plaintiff Peter Strojnik Sr. ("Plaintiff") filed this action on April 5, 2019 seeking to hold Defendant liable for alleged violations of the (1) American with Disabilities Act. 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), (2) California's Unruh Civil Rights Act, California Civil Code § 51, 52 ("Unruh"), (3) California's Disabled Persons Act ("DPA") and (4) common law negligence per se. Doc. 1. On July 15, 2018, Defendant filed its Answer and Counterclaim

1  for Breach of Settlement Agreement. Doc. 18. On July 29, 2019, Plaintiff filed a Motion to
2  Dismiss the Counterclaim. Doc. 13. On August 12, 2019, Plaintiff filed a Notice of Withdrawal
3  of his Motion to Dismiss Counterclaim and filed an amended motion. Doc. 15. On August 26,
4  2019, Defendant filed its opposition to Plaintiff's Amended Motion to Dismiss Counterclaim for
5  Breach of Settlement Agreement, Doc. 18. On September 17, 2019, the court vacated the hearing
6  on the motion to dismiss the counterclaim deeming it suitable for determination without oral
7  argument.

8  On September 11, 2019, counsel for Defendant sent Plaintiff a letter outlining the parties'
9  mutual obligations consistent with General Order No. 56 of the Northern District of California.
10 On September 12, 2019, Plaintiff responded via email, provided F.R.C.P. 26(a) disclosures, and
11 stated that on September 26, 2019 he would agree to conduct the required joint inspection at the
12 hotel at issue in this case, the Dream Inn in Santa Cruz, California (the "Hotel"). On the same
13 day, Plaintiff filed a Motion for Partial Summary Judgment ("motion").

14 One (1) week later on September 19, 2019, Defendant's counsel sent Plaintiff a letter in
15 response to the motion stating it believed this motion was premature as General Order No. 56
16 procedures had not been completed and discovery had not yet begun. On September 20, 2019,
17 Plaintiff responded to Defendant's counsel's September 19th letter by proposing a stipulation.
18 Defendant's counsel responded on September 23, 2019 informing Plaintiff Defendant rejected
19 his proposed stipulation, imploring Plaintiff to honor his obligations under General Order No. 56
20 and continue the motion for two (2) months thereby allowing both parties to thereafter begin
21 discovery consistent with judicial economy. Plaintiff responded the same day rejecting
22 Defendant's proposal.

23 On September 26, 2019 the parties convened at the Dream Inn, Santa Cruz to conduct the
24 joint inspection pursuant to General Order 56.

25 Central to this action, and unstated in Plaintiff's present motion before the Court, is that
26 on February 14, 2019, Plaintiff filed a lawsuit against the Defendant in the United States District
27 Court, Central District of California, *Peter Strojnik (Sr.) v. Hyatt Hotels Corp. Dba Hyatt Place*
28 *Pasadena,* Case No. CV19-1148-PA(ASx) alleging violations of the Americans with Disabilities

Act, California's Unruh Civil Rights Act, California Civil Code § 51 *et seq.* ("Unruh Civil Rights Act"), California's Disabled Person Act, California Civil Code §§ 54-54.3, California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.,* California's Unfair Competition Law, Cal.Bus. & Prof. Code §§ 17500 *et seq.,* intentional fraud and deceit, fraud by omission, negligent misrepresentation, false advertising and negligence ("Hyatt Action").

On March 19, 2019, Plaintiff and Defendant entered into a Settlement Agreement and Release of Claims ("the Agreement")[1] in which Plaintiff released Ensemble Investments, LLC and its "past and present" "representatives", "partners", "third-party vendors", "affiliates" "assigns, agents, independent contractors" and "joint ventures" "**from all liabilities,** causes of actions . . . complaints, suits, claims, obligations, costs, **losses, damages,** rights, judgments, attorneys' fees, expenses, . . . penalties . . . and all other legal responsibilities of any form whatsoever, whether known or unknown, **presently existing or arising in the future** . . . including those arising under any theory of law, whether common, . . . statutory or other, of any jurisdiction . . . which they/now have, ever had or may claim to have against any of them, **including, without limitation, those arising out of or relating to . . . any acts or omissions by the releasing parties occurring, or conditions existing, prior to the [March 19, 2019] Effective Date.** Doc. 18. The Court has yet to rule as to whether the Agreement stops Plaintiff from asserting his claim this Action.

## II.     INTRODUCTION

Plaintiff Peter Strojnik Sr.'s motion for partial summary judgment is deficient on numerous grounds. Procedurally, he had flouted this Court's Local Rules and the Federal Rules of Procedure by ignoring the requirements of General Order No. 56, and failed to provide sufficient competent evidence in support of his motion beyond asserting conclusory statements,

## III.    STANDARD OF REVIEW

A motion for summary judgment should be granted if "there is no genuine dispute as to

---

[1] Because the settlement agreement and release of claims is confidential, Defendant chose not to attach it as an exhibit to its counterclaim. Defendant counsel represented in its opposition to Plaintiff's motion to dismiss counterclaim for breach of settlement that the document Plaintiff submitted to the court in his motion to dismiss counterclaim is an earlier inaccurate draft version of the final settlement agreement ultimately agreed upon and signed by the parties.

any material facts and the movant is entitled to judgment as a matter of law." Fed. R. Civ. 56(a); *Addisu v. Fred Meyer, Inc.,* 198 F.3d 1130, 1134 (9th Cir. 2000). The moving party bears the initial burden to provide the court sufficient information of the basis of the motion and be able to identify the portions of the pleadings, depositions, answers to interrogatories, admissions or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323(1986). As the party with the burden of persuasion at trial, the plaintiff must establish "beyond controversy" every essential element of his claims. *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003). "Where the moving party has the burden— the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (emphasis in original).

A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); Barlow v. Ground, 943 F.2d 1132, 1134-36 (9th Cir. 1991). The opposing party can defeat summary judgment by demonstrating the evidence, taken as a whole, could lead a rational trier of fact to find in its favor. 336 F.3d at 888 (citing Margolis v. Ryan, 140 F.3d 850, 852 (9th Cir. 1999) (The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought.) Mastushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**IV.   ARGUMENT**

    **A.   PROCEDURALLY, PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT BECAUSE HE HAS NOT CITED SUFFICIENT COMPETENT EVIDENCE IN SUPPORT OF HIS MOTION**

Plaintiff's motion does not sufficiently cite to particular parts of the evidentiary record to support the factual basis for his motion as required. *See* Fed. R. Civ. P. 56(c)(1)(A) ("[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by...citing to

particular parts of materials in the record...."). Therefore, for these reasons, Plaintiff's motion should be denied.

### B. PLAINTIFF HAS NOT PROVEN BEYOND CONTROVERSY THAT HE HAS CONSTITUTIONAL STANDING TO BRING HIS CLAIMS

An essential element of every ADA claim is constitutional standing to bring claims in federal court that requires Plaintiff prove a real and immediate threat of repeat injury to establish a case or controversy. A plaintiff must demonstrate a definitive intention to return to the defendant's place of business and a likelihood to reencounter a discriminatory architectural barrier. *Chapman v. Pier 1 Imps., Inc.*, 631 F.3d 939, 950 (9th Cir. 2011). A plaintiff's "definitive intent" must encompass specific and concrete plans as a general intent to return is not sufficient to establish standing. *See Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)("[a]llegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be 'certainly impeding' to constitute injury in fact"); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 565 (1992) (a plaintiff's "profession of an 'inten[t]' to return to the places [he] ha[s] visited before" is generally insufficient to establish standing to seek injunctive relief). Indeed, a plaintiff's expression of "'some day' intentions -- without any description of concrete plans...do not support a finding of the 'actual or imminent' injury that [Article III] require[s]." *Lujan*, 504 U.S. at 565.

Here, Plaintiff has not presented any competent evidence that would establish "beyond controversy" that he has standing to pursue his ADA claim. It has yet to be established whether Plaintiff has ever returned to the Hotel and/or has any intentions to return as a guest and not as a participant in a joint inspection pursuant to General Order No. 56 aside from an expression of conditional general intent in ¶ 15 of Exhibit 1 to his motion. (Doc. 20-1).

Accordingly, Plaintiff cannot establish that he is likely to suffer harm in the future and he lacks Article III standing to bring his ADA claim and derivative Unruh Act claim.

### C. PLAINTIFF HAS NOT DEMONSTRATED BEYOND CONTROVERSY THAT DEFENDANT VIOLATED ANY ADA ACCESS STANDARD

Plaintiff has failed to present evidentiary support in support of his motion for his claim in the Complaint presumes access barriers and theory of liability (which Defendant denies). The ADA prohibits discrimination "on the basis of disability...by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §12182(a). To state a *prima facie* claim for discrimination under Title III of the ADA, the plaintiff must prove "(1)he is disabled within the meaning of the ADA; (2) defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) was denied public accommodations by the defendant because of his disability." *Ariz. ex rel. Goddard v. Harkins Amuse. Enters.*, 603 F.3d 666, 670 (9th Cir. 2010); see *Cullen v. Netflix, Inc.*, 880 F. Supp. 2d 1017, 1023 (N.D. Cal. 2012). The third element – whether plaintiff was denied access on the basis of disability – is met when there is a violation of applicable accessibility standards. *Rodriguez v. Barrita, Inc.*, 10 F. Supp. 3d 1062, 1073 (N.D. Cal. 2014).

Plaintiff has established none of the elements in the motion and has improperly relied on self-serving declarations, all of which Defendant disputes. Accordingly, Plaintiff has provided no competent evidence to prove a violation of the ADA and his motion should be denied.

### D.    PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED AS PREMATURE BECAUSE THE PARTIES HAVE YET TO SATISFY THEIR OBLIGATIONS UNDER GENERAL ORDER NO. 56

General Order No. 56 applies "[i]n any action which asserts denial of a right of access protected by Titles II or III of the American with Disabilities Act[.]" Preamble, General Order No. 56. ¶ 2 of the Order requires the parties to exchange limited discovery prior to a joint inspection and review, during which time "[a]ll other discovery and proceedings are STAYED unless the assigned judge orders otherwise." ¶ 2, General Order 56. This Court has stated that the language of ¶ 2 of the General Order does not clearly encompass the filing of an answer or motion in response to a complaint and it does not preclude dismissal for lack of subject matter jurisdiction and on res judicata grounds. *See* Johnson v. 1082 El Camino Real, L.P., 2018 U.S. Dist. LEXIS 32985, *5, 2018 WL 1091267(N.D. Cal. 2018)(General Order 56 does not preclude

a party from bringing a motion to dismiss for lack of subject matter jurisdiction); <u>Che v. San Jose/Evergreen Community College District Foundation, et al.</u>, No. 17-381 BLF, 2017 U.S. Dist. LEXIS 81513 (N.D. Cal. May 26, 2017) (stay imposed by General Order 56 does not clearly encompass the filing of an answer or motion in response to a complaint); and <u>Moralez v. Whole Foods Market, Inc.</u>, 897 F.Supp.2d 987, 993, n.2 (N.D. Cal. 2012) (holding that the cited language "plainly refers to discovery issues, and does not bar a defendant from moving to dismiss on <u>res judicata</u> grounds).

Plaintiff's motion clearly frustrates the spirit and letter of General Order No. 56 because it is premature. Because the parties have not engaged experts, exchanged meaningful discovery or been afforded the opportunity to mediate this dispute.

Furthermore, General Order No. 56 provides the parties a mechanism by which they can alter or modify its obligations thereunder to suit its particular needs through the filing of a Motion for Administrative Relief pursuant to L.R. 7-11. General Order No. 56, ¶8. Plaintiff has filed no such motion.

At this time, the parties have only begun to satisfy its obligations under General Order 56, and it would be premature to grant Plaintiff's motion when the court ordered pre-discovery obligations have yet to be satisfied, especially given that Plaintiff has already taken superficial steps to begin to comply with his obligations thereunder.

### E.   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED AS PREMATURE AS DISCOVERY IS NECESSARY TO ADDRESS THE MERITS OF ITS CLAIMS

Because a party moving for summary judgment must demonstrate the absence of any issue of material fact, a court should only grant summary judgment after the opposing party has been given an adequate opportunity for discovery. *See*, *e.g., Celotex Corp., supra,* 477 U.S. at 322 (1986) (reflecting that summary judgment is appropriate only "after adequate time for discovery"); *Anderson*, *supra,* 477 U.S. at 250 n.5, 257 (observing that summary judgment should be denied "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition," and that the nonmoving party should have "a full

1  opportunity to conduct discovery").

2  Here, Defendant has not had the opportunity to conduct meaningful discovery evaluating
3  the merits of Plaintiff's claims, including the retention of experts. Plaintiff is concurrently
4  seeking summary judgment while simultaneously engaged in the General Order No. 56 process
5  and requirements, which stay discovery. In so doing, he has placed Defendant in the present
6  situation whereby it has not had sufficient time to investigate the merits of the dispute and
7  thereafter take appropriate steps in light of its findings.

### F. PLAINTIFF'S DECLARATION IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT SHOULD BE STRICKEN AS A SEPARATE STATEMENT THAT VIOLATES LOCAL RULES OF COURT

Plaintiff has filed a "Declaration in Support of His Motion for Summary Judgment," which in reality is a Separate Statement of Uncontroverted Facts and Conclusion of law. Submission of these statements is prohibited without leave of court and Plaintiff's submission violates the Local Rules of Court. See Civil L.R. 56-2 (a)("No Separate Statement Allowed Without Court Order. Unless required by the assigned Judge, no separate statement of undisputed facts or joint statement of undisputed facts shall be submitted"). Accordingly, Defendant requests that this Separate Statement be stricken.

To the extent that the Separate Statement is considered by the Court in ruling on Plaintiff's motion, Defendant disputes all purported facts as unsupported by admissible evidence that are not material to this motion.

### G. PLAINTIFF'S MOTION SHOULD BE DENIED IN ORDER TO PERMIT DEFENDANT TO ENGAGE IN DISCOVERY CONSISTENT WITH FEDERAL RULE OF CIVIL PROCEDURE 56(d)

Plaintiff's motion argues that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. Doc. 20. Plaintiff's motion should be denied because Defendant has not yet been permitted to conduct discovery to enable it to fully present facts essential to oppose the motion because those facts are within the exclusive custody and control of Plaintiff.

Accordingly, pursuant to Federal Rule of Civil Procedure 56(d), Defendant requests this Court deny, or defer consideration of, Plaintiff's motion for summary judgment to allow time to allow Defendant sufficient time conduct discovery necessary to oppose the motion.

### H. PLAINTIFF'S DECLARATION FAIL TO MEET THE STANDARDS OF RULE 56(e)

Rule 56(e) of the Federal Rules of Civil Procedure requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." In reviewing motions for summary judgment, courts may not consider affidavits or declarations that do not comply with these requirements. *El Deeb v. Univ. of Minnesota*, 60 F.3d 423, 428 (8th Cir. 1995); *School Dist. 1J v. AC and S*, 5 F.3rd 1255, 1261 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1983); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir. 1992); *Friedel v. City of Madison*, 832 F.2d 965, 970 (7th Cir. 1987); *United States v. M.E. Dibble*, 429 F.2d 598 (9th Cir. 1970).

All matters set forth in declarations must be based on personal knowledge and statements in a declaration are inadmissible unless the declaration itself affirmatively demonstrates that the declarant has personal knowledge of those facts. *Love v. Commerce Bank of St. Louis, N.A.*, 37 F.3d 1295, 1296 (8th Cir. 1994); *Gagne v. Northwestern Nat'l Ins. Co.*, 881 F.2d 309, 315-16 (6th Cir. 1989) (statements in affidavits that are not based on personal knowledge and personal observation do not contain facts that are admissible evidence for summary judgment purposes); El *Deeb*, *supra* at 428 (affidavits "shall be made on personal knowledge" and must include facts "to show the affiant possesses that knowledge.") *Dibble*, *supra* at 602.

To be admissible in support of or in opposition to a motion for summary judgment, declarations must also set out specific facts – not mere conclusory allegations. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (the object of Rule 56 is not to replace conclusory averments in a pleading with conclusory allegations in an affidavit); *Mitchell*, 964 *supra* at 585 (holding that "conclusory allegations and subjective beliefs ... are wholly insufficient evidence...."); and *O'Shea v. Detroit News*, 887 F.2d 683 (6th Cir. 1989) (conclusory allegations

are not admissible evidence).

Here, Plaintiff's declarations in Exh. 1 to the motion offer no more than the allegations contained in his complaint which he has mirrored in declarations for the purpose of attempting to establish the basic elements necessary to prove his claims. (Doc. 20-1). He has provided no basis that the contents of his declarations are based on any personal knowledge and set out no specific facts beyond mere objectionable conclusory allegations.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Plaintiff's motion for summary judgment be denied.

Dated:  October 2, 2019                                    JACKSON LEWIS P.C.

                                                           By:   /s/ Eric T. Byrne
                                                                 Robert D. Vogel
                                                                 Eric T. Byrne
                                                                 Attorneys for Defendant
                                                                 WOODSIDE HOTEL GROUP LTD

4822-3216-6054